972 F.2d 347
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry Jerome GUENTHNER, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 91-6396.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1992.
 
 Before DAVID A. NELSON, ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Jerry Jerome Guenthner, a Kentucky state prisoner, appeals through counsel the district court judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Guenthner was convicted following a jury trial of murder and first degree robbery. He was sentenced to consecutive terms of forth-five years and twenty years imprisonment, respectively. His conviction was affirmed on direct appeal to the Kentucky Supreme Court. In this habeas petition, he argued that his sentence constituted double jeopardy because the murder was subsumed in the robbery, and that there was insufficient evidence to support the robbery conviction. The district court adopted the magistrate judge's recommendation to deny the petition over Guenthner's objections.
 
 
 3
 Upon review, it is concluded that this petition for habeas relief was properly denied. Guenthner's reliance on Grady v. Corbin, 495 U.S. 508 (1990), in support of his double jeopardy argument, is misplaced. That case was specifically limited to situations involving successive prosecutions. The instant case, which involves consecutive sentences, is subject to the traditional test of whether each statute requires proof of a fact that the other does not. No double jeopardy violation exists.
 
 
 4
 Guenthner's sufficiency of the evidence argument on the first degree robbery conviction also does not survive analysis. There was clearly sufficient evidence for a rational trier of fact to have found guilt beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.